IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIGARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-474-WKW |
| | ) | [WO] |
| HD MACHINES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiff's Motion to Deem Service Perfected. (Doc. # 5.) For the reasons below, it is ORDERED that the motion is DENIED.

Plaintiff Alligare, LLC filed a complaint against Defendant HD Machines, LLC on May 8, 2018. (Doc. # 1.) The next day, the Clerk of the Court sent summons by certified mail addressed to Defendant's registered agent at this address:

> HD Machines, LLC
> c/o Jetson Taylor, its registered agent
> 414 Hwy 11 & 80 East
> Meridian, MS 39301

(Doc. # 3, at 1.) According to U.S. Postal Service tracking information, the "item was delivered to an individual at the address at 9:14 am on May 14, 2018 in MERIDIAN, MS 39301." (Doc. # 5, at 7.) But a return receipt card was not returned to the Clerk of the Court. (Doc. # 7, at 1.) Plaintiff now asks the court to find that Defendant was served on May 14, 2018.

Federal Rule of Civil Procedure 4(h) governs service of process on corporations, including limited liability companies. A domestic corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Federal Rule 4(e)(1), in turn, permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." The court thus turns to Alabama law. *See Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D. Ala. 2005).

Alabama Rule of Civil Procedure 4(i)(2) permits service of process by certified mail. Alabama Rule 4(i)(2)(B) states that, "in the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision." Alabama Rule 4(c)(6), in turn, provides that service of process on a limited liability company "shall be made . . . by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Alabama Rule 4 thus "plainly and specifically provides that service on a business entity by certified mail requires the mailing to be addressed to an 'officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.'" *Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016). "To be effective, the certified mail must be

delivered to that addressee or that addressee's authorized agent." *Id.* It is not enough to simply deliver the summons "to the entity itself." *Id.*

Alabama Rule 4(i)(2)(C) governs when service by certified mail is effective:

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(C). Again, it is not enough for summons to be delivered to the right address; the summons must be delivered to the addressee's authorized agent. *McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009); *Duncan v. S.N.*, 907 So. 2d 428, 431 (Ala. 2005).

There is no evidence that Defendant's agent received the summons. At most, the evidence shows that "an individual" at Defendant's address received the summons. (Doc. # 5, at 7.) If that individual was not authorized to receive service of process on Defendant's behalf, then service by certified mail would not have been effective. It may be that Plaintiff will find evidence showing that Defendant's agent received the summons. Perhaps the U.S. Postal Service has more information. But for now, there is simply no basis to conclude that service of process was perfected on May 14 or any other day.

3

It is therefore ORDERED that the Motion to Deem Service Perfected (Doc. # 5) is DENIED.

DONE this 14th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE